# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2595

_____

Rickie Mays,                                              *
                                                         *
            Appellant,                                    *
                                                         *
      v.                                                  *
                                                         *
Larry Norris, Director, Arkansas                         *
Department of Correction; M. D.                          *     Appeal from the United States
Reed, Warden, Cummins Unit, ADC;                         *     District Court for the Eastern
D.W. Tate, Captain, Cummins Unit,                        *     District of Arkansas.
ADC; Felecia Patterson, Sgt.,                            *
Cummins Unit (originally sued as                         *        [UNPUBLISHED]
F. Patterson); Wallace Mitchell,                         *
CO-I, Cummins Unit (originally sued                      *
as W. Mitchell); Charles Crofford,                       *
CO-I, Cummins Unit (originally                           *
sued as C. Crofford),                                    *
                                                         *
            Appellees.                                   *

_____

Submitted:   September 18, 2002

Filed:   October 9, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Inmate Rickie Mays appeals the dismissal of his 42 U.S.C. § 1983 claim that prison officials were deliberately indifferent to his risk of harm, leading to other inmates assaulting him in the prison yard. Mays raises four issues on appeal.

First, Mays contends the district court[*] abused its discretion by denying his repeated motions for appointment of counsel. See Johnson v. Williams, 788 F.2d 1319, 1323 (8th Cir. 1986) (standard of review). We disagree. In our view, Mays's case is not, among other factors, so factually or legally complex that appointed counsel is required. Thus, we conclude the district court did not abuse its discretion when it denied Mays's requests for appointment of counsel after reviewing those requests in light of the factors we mentioned in Johnson v. Williams. Id. at 1322-23.

Because Mays's second and third claims are closely connected, we review them together. Mays argues the district court committed error by adopting the report of the magistrate judge and dismissing some of Mays's claims, and the magistrate judge committed error when it dismissed the rest of Mays's claims. On May 2, 2001, Magistrate Judge Henry L. Jones, Jr. recommended Mays's claims against three of the original defendants be dropped because Mays's amended complaint failed to state the harm those three defendants caused. Fourteen days later, District Judge James M. Moody adopted this recommendation and entered an order dismissing the claims against those three defendants. Having reviewed the record, we find the partial dismissal by the district court was appropriate.

On August 3, 2001, both parties consented to let the case proceed before Magistrate Judge Henry L. Jones, Jr. After a bench trial, the court issued findings of fact and conclusions of law, and found in favor of the defendants on Mays's failure to protect claims. To prevail on a failure to protect claim, an inmate must show that

---

[*]The Honorable Henry L. Jones, Jr., Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties.

his conditions of imprisonment created a substantial risk of serious harm, and that prison officials were aware of an excessive risk to his health or safety and disregarded that risk. Jensen v. Clarke, 94 F.3d 1191, 1197 (8th Cir. 1996). One prison official checked the prison yard for weapons before the inmates were allowed in; the other two prison officials quickly responded to the first official's call for help when he saw the fight in the prison yard. Based on these facts, the district court concluded the prison officials reasonably responded to the known risk of harm. We conclude these findings of fact and conclusions of law are free from error. The resulting dismissal of Mays's remaining claims was proper.

Fourth, Mays claims the district court abused its discretion by dismissing his complaint without granting him leave to amend the complaint. Lemonds v. St. Louis County, 222 F.3d 488, 496 (8th Cir. 2000) (standard of review). Before the claims against the first three defendants were dismissed, the district court allowed Mays to submit an amended complaint. The district court reviewed this amended complaint rather than the originally filed complaint; these actions were not an abuse of discretion.

For the reasons stated above, we affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-